UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
ANTHONY CLARKE,

                Plaintiff,

    -against-

EQUIFAX INFORMATION SERVICES LLC,

                Defendant.

---------------------------------------------------------- X

Case No. 1:25-cv-02721

**NOTICE OF REMOVAL**

Defendant Equifax Information Services LLC ("Equifax"), by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removes this case from the Civil Court of the City of New York, County of Kings, to the United States District Court for the Eastern District of New York. In support of its Notice of Removal, Equifax states as follows:

## BACKGROUND AND TIMELINESS

1. On or about April 7, 2025, *Pro Se* Plaintiff Anthony Clarke ("Plaintiff") commenced a civil action against Equifax by filing a Complaint in the Civil Court of the City of New York, County of Kings, entitled *Anthony Clarke v. Equifax Information Services LLC,* Index No. CV-008313-25/KI.

2. Equifax was served with Plaintiff's Complaint on April 15, 2025. True and correct copies of the Summons and Complaint, together with all process, pleadings, and orders served upon or by Equifax, as well as Equifax's Answer filed in state court on May 6, 2025, are attached as **Exhibit A**. These documents constitute all "process, pleadings, and orders" served upon Equifax in the state court action as required by 28 U.S.C. § 1446(a).

3. This Notice of Removal is timely, as Equifax has filed this Notice of Removal within thirty days of service. *See* 28 U.S.C. § 1446(b).

**THIS CASE IS REMOVABLE BASED UPON FEDERAL QUESTION JURISDICTION**

4. In his Complaint, Plaintiff purports to bring claims arising out of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (*See* Exhibit A, Complaint) Plaintiff seeks relief in the form of statutory and actual damages, for alleged injuries, damages, and harm, as punitive damages. (*See* Exhibit A, Complaint.)

5. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

6. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This is because Plaintiff alleges that Equifax violated the FCRA, which is a federal law. *Id.*

7. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

**VENUE AND NOTICE TO STATE COURT**

8. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this action is pending in the Civil Court of the City of New York, County of Kings, venue, for purposes of removal, is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). Equifax, therefore, removes this action to the United States District Court for the Eastern District of New York.

9. Promptly upon the filing of this Notice of Removal, Equifax shall file a Notice of Filing of Removal to Federal Court, together with a copy of the Notice of Removal, with the Civil Court of the City of New York, County of Kings, and will serve a copy thereof on *Pro Se* Plaintiff, pursuant to 28 U.S.C. 1446(d).  A copy of this Notice (without exhibits) is attached hereto at **Exhibit B**.

## CONCLUSION

10. Equifax submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

11. Should Plaintiff seek to remand this case to state court, Equifax respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case.  In the event the Court decides remand is proper, Equifax asks that the Court retain jurisdiction and allow Equifax to file a motion asking this Court to certify any remand order for interlocutory review by the Second Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

12. Based on the foregoing, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 due to Plaintiff's FCRA claims.  Therefore, the Court properly may exercise jurisdiction over this lawsuit.  *See* 28 U.S.C. § 1441.

WHEREFORE, Equifax submits that this action properly is removable based on original federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United State District Court for the Eastern District of New York. Equifax also requests all other relief, at law or in equity, to which it justly is entitled.

Dated: May 15, 2025                                   Respectfully submitted,

                                                  SEYFARTH SHAW LLP

By: */s/ Heather H. Sharp*
     Heather H. Sharp, NY Bar No. 4590659
     hsharp@seyfarth.com
     SEYFARTH SHAW LLP
     1075 Peachtree Street, N.E.
     Suite 2500
     Atlanta, Georgia  30309-3958
     Telephone:  (404) 885-1500
     Facsimile:  (404) 892-7056

*Counsel for Defendant*
*Equifax Information Services LLC*

## **CERTIFICATE OF SERVICE**

I certify that on May 15, 2025, I presented foregoing NOTICE OF REMOVAL for filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

    Anthony Clarke, plaintiff pro se
    27 Irving Place, 3A
    Brooklyn, NY 11238

    */s/ Heather H. Sharp*
    Heather H. Sharp

    *Attorneys for Defendant*
    *Equifax Information Services LLC*